Thomas H. Lawrence (TN 17105)*
J. Gordon Howard (TN 26850)*
Lawrence & Russell, PLC
5178 Wheelis Dr.
Memphis, TN 38117
(901) 844-4430
toml@lawrencerussell.com

Attorneys for Plaintiffs Wal-Mart Stores, Inc.
and Bank of America, N.A.

*Application for admission *pro hac vice* submitted electronically.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WAL-MART STORES, INC. and BANK OF AMERICA, N.A.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELORES SHARP, KYLE SHARP, and MATTHEW SHARP,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiffs, Wal-Mart Stores, Inc. and Bank of America, N.A., file this Interpleader Complaint as follows:

1. In this action Plaintiffs seek adjudication of the Defendants' respective entitlement to the proceeds of a former Associate's 401(k) account, which is part of a benefit plan governed by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, as well as to resolve any related state law claims.

2. Wal-Mart Stores, Inc. ("Wal-Mart") is a foreign corporation duly organized under the laws of the State of Delaware, having its principal place of business in

Bentonville, Arkansas. Wal-Mart is the sponsor and administrator of the Walmart 401(k) Plan ("Plan") and has authority to bring suit on behalf of the Plan, which is governed by ERISA.

3. Wal-Mart was the employer of decedent Patrick Sharp ("Decedent"), who was an adult resident and citizen of the State of Arizona.

4. Decedent was an eligible associate, and participant in the Plan.

5. Upon information and belief, the Plan holds funds due to Decedent's beneficiary(ies).

6. Bank of America, N.A. ("BANA") holds all Plan contributions made to the Plan in trust and invests those contributions as directed by the Plan's named fiduciaries.

7. Upon information and belief, Defendant Delores Sharp is the former spouse of Decedent, and is a citizen and resident of Arizona, residing at 331 West Pima Avenue, Coolidge, Arizona 85128.

8. Upon information and belief, Defendant Kyle Sharp is Decedent's son, and is a citizen and resident of Arizona, residing at 2551 W Drachman Street, Tucson, Arizona 85745.

9. Defendant Matthew Sharp is believed to be Decedent's son, whose whereabouts are unknown.

**JURSIDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1001, *et seq.*, because this action involves 401(k) plan governed by ERISA.

11. Plaintiffs bring this action to enforce the terms of the Plan and for equitable relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001, *et seq.*, as well as to resolve any related state law claims.

12. This Court has supplemental jurisdiction over any related state-law claims pursuant to 28 U.S.C. § 1367.

13. Pursuant to 28 U.S.C. § 1391(b)(3) and 29 U.S.C.§ 1132(e)(2), venue is proper in this Court because one or more Defendants may be found in the District of Arizona.

**GENERAL ALLEGATIONS**

14. At all times relevant hereto, Decedent was enrolled in and made contributions to the Plan.

15. The balance of Decedent's 401(k) account is $102,944.94.

16. Upon information and belief, Decedent died in Pima County, Arizona on or about April 15, 2013. *See* Death Certificate attached hereto as Exhibit "1".

17. Upon information and belief, Decedent was married to Delores Sharp on or about September 23, 2005. *See* Certificate of Marriage attached hereto as Exhibit "2".

18. Decedent completed an online beneficiary designation on or about October 11, 2005, that named his son, Kyle Sharp, as the sole beneficiary of his Profit Sharing/401(k) Account. *See* Benefits Designation Form attached hereto as Exhibit "3".

19. Upon information and belief, on September 7, 2011, Decedent and Defendant, Delores Sharp, entered into a Consent Decree of Legal Separation in the Superior Court of Arizona in Pinal County. *See* Consent Decree attached hereto as Exhibit "4".

20. However, on page 4 of the Decree the Court ordered that the marriage between Decedent and Defendant, Delores Sharp, was dissolved and the parties were restored to the legal status of single persons. *See* Exhibit "4" at p. 4 of 15.

21. Additionally, the Decree awards each party his/her interest in any and all retirement benefits, pension plans, or other deferred compensation described as "401k and IRA." *See* Exhibit "4" at p. 11 of 15.

22. However, on or about August 13, 2013, Delores Sharp signed and returned the Beneficiary Affidavit form indicating that she was lawfully married to Decedent at the time of his death. *See* Beneficiary Affidavit attached hereto as Exhibit "5".

23. Upon information and belief, Decedent may be survived by another son identified as Matthew Sharp, whose whereabouts are unknown.

24. As a consequence of Decedent's death on or around April 24, 2013, approximately $102,944.94 in 401(k) proceeds became payable to Decedent's beneficiaries, in accordance with the Plan's terms.

25. Due to the inconsistency between the beneficiary designation form and Delores Sharp's Affidavit, and the language of the Consent Decree, and a potential third claimant, Matthew Sharp, the Plan is unable to determine the appropriate distribution of the 401(k) proceeds amongst the Defendants.

26. Because of rival claims for the benefits at issue, Plaintiffs are unable to determine the appropriate distribution for Decedent's beneficiaries.

27. Without the benefit of this interpleader action, by reason of the actual or potential claims of Defendants to the $102,944.94 in 401(k) proceeds, Plaintiffs may be exposed to multiple liability.

28. Plaintiffs are mere stakeholders and have no interest whatsoever in Decedent's benefits. Plaintiffs merely desire protection while this Court determines to whom the benefits should be paid.

29. Plaintiffs have not brought this complaint in interpleader at the request of any or all of the potential claimants; there is no fraud or collusion between Plaintiffs and any or all of the potential claimants; and Plaintiffs bring this Complaint of their own free will and to avoid being harassed by conflicting and multiple claims.

30. Plaintiffs desire to deposit the amount of said benefits into the Registry of this Court to be paid as this Court shall direct.

31. Plaintiffs are entitled to an award of its costs and attorneys' fees reasonably incurred in bringing this action, which should be paid from the proceeds at the time of the Court-directed distribution.

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1. For an Order of this Court, issuing its process to all Defendants, and concurrently therewith, the Order of this Court restraining Defendants from instituting or prosecuting any proceedings in any State or United States court affecting Decedents' benefits deposited with this Court;

2. Requiring Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the deposited benefits in this action;

3. Requiring Defendants to settle and adjust among themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the deposited benefits should be paid;

4. Permitting Plaintiffs to deposit the amount of said benefits into the Registry of this Court to be paid out as this Court shall direct;

5. Discharging Plaintiffs from any further liability upon payment of the aforementioned benefits into the Registry of this Court;

6. Awarding Plaintiffs their costs and attorneys' fees incurred; and

Awarding Plaintiffs any other further relief that this Court deems just and proper under the circumstances.

Dated: <u>January 31, 2014</u>.

Respectfully submitted,

/s/ Thomas H. Lawrence
Thomas H. Lawrence (TN 17105)*
J. Gordon Howard (TN 26850)*
Lawrence & Russell, PLC
5178 Wheelis Dr.
Memphis, TN 38117
Telephone: (901) 844-4430
Facsimile: (901) 844-4435
E-Mail: toml@lawrencerussell.com
       gordonh@lawrencerussell.com

Attorneys for Plaintiffs.

*Application for admission *pro hac vice* submitted.